**CARRIE E. HURTIK, ESQ.**
Nevada Bar No. 7028
**HURTIK LAW & ASSOCIATES**
6767 West Tropicana Ave. Suite #200
Las Vegas, NV 89103
(702) 966-5200 Telephone
(702) 966-5206 Facsimile
churtik@hurtiklaw.com
jtoston@hurtiklaw.com
Attorneys for Plaintiff,
LUIS CALDERON

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, SOUTHERN DIVISION**

</div>

| | |
|---|---|
| LUIS CALDERON, an individual<br><br>  Plaintiff,<br><br>  vs.<br><br>USAA CASUALTY INSURANCE COMPANY, a Foreign Corporation; DOES 1-10 AND ROE ENTITIES 11-20, INCLUSIVE,<br><br>  Defendants. | Case No.:  2:20-cv-1049-JCM-BNW<br><br>**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

<div style="text-align:center">

**PLAINTIFF'S FIRST MOTION TO EXTEND DISCOVERY DEADLINES**

</div>

The parties have previously agreed to Three (3) discovery extensions. This is the Plaintiff's first contested motion to extend Discovery Deadlines. Pursuant to LR 26-3 a motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

<div style="text-align:center">1</div>

(d) A proposed schedule for completing all remaining discovery.

1. On March 19, 2020, Plaintiff filed his Complaint in the District Court, Clark County.
2. On April 24, 2020 Plaintiff filed his First Amended Complaint in District Court, Clark County.
3. On June 12, 2020, Defendant removed the case to the United States District Court.
4. On June 19, 2020, Defendant filed its Answer to Complaint.
5. On August 17, 2020 the parties conducted an initial FRCP 26(f) conference
6. On August 31, 2020, the Court entered the Stipulated Discovery Order.
7. On September 9, 2020, Plaintiff served his FRCP 26 Initial Disclosures on Defendant.
8. On September 17, 2020, Defendant served its FRCP 26 Initial Disclosures on Plaintiff.
9. On November 24, 2020, the parties stipulated to their first extension to deadlines. This Court granted the stipulation on December 1, 2020.
10. On November 30, 2020, Defendant served written discovery on Plaintiff. Plaintiff served his responses on December 7, 2020.
11. On December 7, 2020, Plaintiff served his First Supplement to Initial Disclosures on Defendant.
12. On January 21, 2021, Plaintiff served written discovery on Defendant. Defendant served its responses on March 9, 2021.
13. On January 21, 2021, Plaintiff served his Second Supplement to Initial Disclosures on Defendant.
14. On February 22, 2021, Defendant served its First Supplement to Initial Disclosures on Plaintiff.
15. On February 23, 2021, the parties stipulated to their second extension to deadlines. This Court granted the stipulation on February 25, 2021.
    13. On January 21, 2021, Plaintiff served his Second Supplement to Initial Disclosures on Defendant.

16. On May 31, 2021, Defendant served its Second Supplement to Initial Disclosures on Plaintiff.

17. On July 29, 2021, Defendant took the deposition of Plaintiff Luis Calderon.

18. On August 16, 2021, Defendant served its Designation of Expert Witnesses, and a supplement thereto was served on August 19, 2021.

19. On August 23, 2021, Defendant served its Third Supplement to Initial Disclosures on Plaintiff.

## DISCOVERY REMAINING

1. Production of rebuttal reports by Plaintiff's Experts.

2. Depositions of Elida Calderon and Andres Artega in October 2021, schedules permitting.

3. Plaintiff will take the deposition of Jennifer Miller at a time when all parties are mutually available, and or other USAA employees as discovery warrants.

4. Plaintiff will take the deposition of Mike Lofton of G4S COMPLIANCE & INVESTIGATIONS, INC.

5. The parties will take the depositions of all designated experts at a time when all parties are mutually available.

## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The Plaintiff avers, pursuant to Local Rule 26-4, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery.

Rule 16(b) of the Federal Rules of Civil Procedure requires the Court to enter a scheduling order after the parties have conducted their Rule 26(f) conference. The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence.

See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline." Local Rule 26-4. Requests received less than 21 days before the expiration of the subject deadline must also include a showing that the failure to act was the result of excusable neglect. Id. "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,'. . . and includes 'omissions caused by carelessness.'" Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394 (1993) (internal citations omitted). "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. Pioneer, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004).

Good cause exists to extend the deadlines at issue. This is the first extension of expert discovery deadlines solely sought by either party. Additionally, Counsel for the Plaintiff has had turnover in the primary attorney handling the file as Johnathon Toston has moved on to another firm. See Liguori v. Hansen, 2012 WL 760747, at *7 (D. Nev. Mar. 6, 2012) see also Nelson v. Safeco Ins. Co. of Illinois, 2011 WL 13848, at *2 (D. Nev. Jan. 4, 2011) (granting extension necessitated by "staff turnover" to facilitate "the public's interest in having cases decided on the merits").  Additionally, the experts that Plaintiff has retained had stated that the time needed to analyze the data relied upon by Defendant will take several weeks to input manually. (See Exhibit 2).

The requested extension of the initial expert deadline requires a showing of excusable neglect. Accordingly, pursuant to Local Rule 26-4, Plaintiff must establish hisneglect is excusable under the Bateman factors. The risk of prejudice to the non-moving party is minimal. The sole prejudice that Defendant identifies is that it will have to continue to defend this litigation and that an extension of this deadline would extend the Discovery phases of this case. However, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." Lemoge, 587 F.3d at 1191–92. The Defendant has already indicated a willingness to extend the current Discovery Deadline. Counsel have tried to work together to extend discovery deadlines but have not agreed on a compromise (Exhibit 2- Proposed Fourth Extension) Counsel for Defendants did agree to extend deadlines for rebuttal reports but the extension was only given to September 27, 2021, and was not sufficient due to the amount of data required to be manually input by the experts.

Additionally, counsel for the Defendant has recently subpoenaed records from BMW Financial (Exhibit 3) which could and should have an impact on any expert analysis in this bad faith litigation. The Deposition of the insurance adjuster handling the underlying insurance claim has also not been scheduled. Their testimony should also have an impact on any expert opinion regarding bad faith litigation. In hindsight the early expert disclosure dates were premature and should require supplemental reporting in any event.

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | *Thursday, October 14, 2021* | *Wednesday, January 12, 2022* |
| Deadline to Amend Pleadings or Add Parties | *Closed* | *Closed* |
| Expert Disclosure pursuant to FRCP26 (a)(2) | *Monday, August 16, 202* | *Closed* |
| Rebuttal Expert Disclosure pursuant to FRCP. 26(a)(2) | *Wednesday, September 15, 2021* | *October 29, 2021,* |

| Dispositive Motions | *Friday, November 12, 2021* | *Friday, February 11, 2022* |
|---|---|---|
| Joint Pretrial Order | *Monday, December 13, 2021* | *Monday, March 14, 2022* |

As to the length of the delay and its potential impact on the proceedings, Defendant has already proposed a revised discovery deadline of January 12, 2022 and several items of discovery remain unfinished upon the filing of Plaintiff's motion. The impact on the Plaintiff by the loss of his expert witnesses would be severe. Granting Plaintiff, a brief extension will have de miminis impact on the proceedings. Finally, there is no evidence of bad faith. Taking all these circumstances together equity weighs in favor of extending the rebuttal expert disclosure deadline.

**HURTIK LAW & ASSOCIATES**

*/s/: Jonathon R. Patterson*
_____
**CARRIE E. HURTIK, ESQ.**
Nevada Bar No. 7028
**JONATHON R. PATTERSON, ESQ.**
Nevada Bar No. 9644
6767 West Tropicana Ave. #200
Las Vegas, NV 89103
Attorneys for Plaintiff
LUIS CALDERON

### Order

IT IS ORDERED that ECF No. 18 is DENIED without prejudice under Local Rule 26-6(c).

**IT IS SO ORDERED**
**DATED:** 2:28 pm, October 01, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**


**PROOF OF SERVICE**

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action. My business address is 6767 West Tropicana Ave., Suite #200, Las Vegas, Nevada 89103. My business e-mail is jpatterson@hurtiklaw.com.

On   I served the within document(s) described as:

on the interested parties in this action as stated on the attached mailing list.

  X   (BY MAIL) By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing that same day at Hurtik Law & Associates, 6767 West Tropicana Ave., Suite #200, Las Vegas, Nevada 89103. I declare that I am readily familiar with the business practice of Hurtik Law & Associates for collection and  processing of correspondence for mailing with the U.S. Postal Service and that the correspondence would be deposited within the U.S. Postal Service that same day in the ordinary course of business.

  X   (BY ELECTRONIC MAIL SERVICE) Based upon CRC Rule 2.251 or an agreement of the parties to accept electronic service I caused such document(s) to be Electronically Mailed through Hurtik Law & Associates electronic mail system for the above-entitled case. Should your office require a hard copy of said document, please contact our office.

Executed on   at Las Vegas, Nevada.

I declare under the penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

/s/: Jonathon R. Patterson

Jonathon Patterson, an employee at
HURTIK LAW & ASSOCIATES